From Charles K. Derr, Reading, Pa.

---

## United States v. One Reo Speed Wagon et al.

*Liquor law—National Prohibition Act—Transportation of liquor—Forfeiture of automobile—Conviction for transportation.*

1. Under section 26 of title ii of the National Prohibition Act, conviction for the illegal transportation of liquor is a jurisdictional prerequisite for the forfeiture of the vehicle which transported the liquor, and such conviction must not only be proved, but pleaded.

2. The fact that a conviction is impossible because no arrest can be made may result in an inconvenience, but such a situation can be remedied only by legislative enactment.

Libel to forfeit automobile. District Court of the United States for the Eastern District of Pennsylvania, No. 22 of 1924.

*George W. Coles*, United States Attorney, for plaintiff.

*H. A. Mackey* and *C. A. Whitehouse*, for claimants.

KIRKPATRICK, Dist. J., June 11, 1927.—This is a proceeding by libel to forfeit an automobile alleged to have been used in the transportation of intoxicating liquor on Sept. 21, 1923, by Thomas O'Neill and Harry Seltzer. It is a fact that the two men were arrested by Federal officers while in the act of transporting liquor in violation of the law, although both have filed answers to the libel denying knowledge of the alcoholic content of the liquor transported. It is conceded by the Government that neither of the persons arrested has been convicted of the offence of transportation. An answer has also been filed by the claimant for the return of the automobile, setting forth that it is his property and that he had no knowledge of its illegal use. The Government does not dispute these allegations. The record thus presents the single question, whether in a proceeding by libel to forfeit an automobile under section 26 of title ii of the National Prohibition Act, the Government can maintain its

United States v. One Reo Speed Wagon et al.

case without proof that the person or persons arrested at the time of the seizure have been convicted.

The only relevant provision of the act is "the court upon conviction of the person so arrested . . . unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, etc." The act provides further that, after deducting from the proceeds of the sale amounts necessary to pay bona fide liens, the balance shall be paid into the Treasury of the United States. While an order of forfeiture is not expressly authorized, it is properly a part of the proceedings and should precede the sale. There is no other provision in the act directing the forfeiture of an automobile used as an instrument of transportation of liquor.

The position of the claimant is that, whether the proceeding be the summary one prescribed by the act or whether it be by libel, a conviction of the person arrested is a jurisdictional requisite, except, of course, in cases where no one claims the vehicle. That situation is dealt with in the last sentence of section 26. The Government concedes that there is no express statutory authority for an order of forfeiture in the absence of a conviction of the person arrested and bases its claim to forfeiture upon the general power inherent in the court to declare forfeited the instruments of crime. The Government asserts that the purpose of section 26 was merely to provide a summary method of procedure, and to make the forfeiture mandatory where there has been a conviction of the person arrested and where the claim has failed to show good cause for the return of the goods.

Common law forfeitures of estates for felony depended upon the conviction of the offender: The Palmyra, 12 Wheaton, 1. Such forfeitures are not part of our law. The law of deodands is obsolete. If there is any other power in the court, independent of statute, to confiscate the instruments of crime, such as weapons, burglars' tools, etc. (a question not here passed upon), it certainly does not extend to property which in itself is not dangerous to society and the possession of which is perfectly consistent with an innocent and proper use. The theory of a guilty thing is a convenient fiction, and to use that fiction on which to base the forfeiture of an automobile, even though the car may have been used in a specific instance for the commission of a criminal offence, is, in my opinion, unwarranted.

Many statutes provide for forfeitures upon the commission of an offence irrespective of the conviction of the offender. Such was the statute discussed in The Palmyra case, supra. But the National Prohibition Act clearly makes conviction a condition of the forfeiture. It is a jurisdictional requisite and should not only be proved, but should be pleaded. The great weight of authority in the Federal courts is in accordance with this conclusion: United States v. One Cadillac Touring Car, 274 Fed. Repr. 470; United States v. Slusser, 270 Fed. Repr. 818; United States v. One Packard Motor Truck, 284 Fed. Repr. 394; Reo Atlanta Co. v. Stern, 279 Fed. Repr. 422; The J. Duffy, 14 Fed. Repr. (2nd) 426.

It is quite true, as is pointed out by the Government, that there will be many cases in which, for one reason or another, a conviction cannot be obtained. In the present case, the defendants are fugitives and their bail is forfeited. It may happen that no arrest can be made, although the offence of transportation can be proved, or the defendant may die before trial. In such cases, if a claim is made, no forfeiture is possible. This will frequently result in inconvenience, but the situation can be remedied only by legislative enactment.

In view of the foregoing, the libel in this case will be dismissed.